Debtor(s): **Willis Odums, Jr.**
**Tiffany Monique Hamilton**

Case Number: **19-10096**

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA-SHREVEPORT DIVISION**

# Chapter 13 Plan – Western District of Louisiana

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.

Reason for Amendment/Modification

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☑ Included | ☐ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ☑ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments for a total of **60** months to the trustee as follows:

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** **$500** per **month** for **60** months, and
$ ____ per ____ for ____ months.
$ ____ per ____ for ____ months.

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then
$____ per ____ for ____ months, and

Revised 01/25/2018
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 1
Best Case Bankruptcy

19-10096 - #8  File 01/28/19  Enter 01/28/19 12:24:05  Main Document  Pg 1 of 8

$_____ per _____ for _____ months.
$_____ per _____ for _____ months.

Check one: The applicable commitment period is:   36 months (Below Median Income) ☑
                                                   60 months (Above Median Income) ☐

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds.** During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

| All income tax refunds excluding Earned Income Credit, Child Tax Credit, and $1,000.00 per debtor. |
|---|

**2.3 Additional Payments. (In addition to 2.1 above)**
*Check one.*

☑  None. *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

## Part 3:   Treatment of Secured Claims

**3.1 A. Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any**

*Check one.*

☑  None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**B. Maintenance of payments and cure of default <u>other than</u> Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

☑  None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

*Check one.*

☐  None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective <u>only</u> in the applicable box in Part 1 of this plan is checked.*

☑  The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

Revised 01/25/2018
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 2
Best Case Bankruptcy

19-10096 - #8   File 01/28/19   Enter 01/28/19 12:24:05   Main Document   Pg 2 of 8

(a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's total Claim | Collateral Description | Value of Collateral | Amount of Secured Claim | Interest Rate | Estimated avg. monthly payment to creditor |
|---|---|---|---|---|---|---|
| Kia Motors Finance | $15,414.13 | 2015 Kia Soul 50,050 miles Silver | $9,350.00 | $9,350.00 | 6.5% | $197.54 |
| Kia Motors Finance | $16,535.12 | 2015 Kia Soul 58,588 miles Black | $9,350.00 | $9,350.00 | 6.5% | $197.54 |

**3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

*Check one.*

☑ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**

*Check one.*

☑ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of Collateral**

*Check one.*

☑ None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2 Administrative fees**

Counsel elects the standing order "no look" fee    ☑ Yes    ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $ **3,600.00** of which $ **3,600.00** is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $ **0** for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

**4.3 Priority claims other than attorney's fees and those treated in § 4.4.**

*Check one.*

☐ None. *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

Revised 01/25/2018
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 3
Best Case Bankruptcy

19-10096 - #8   File 01/28/19   Enter 01/28/19 12:24:05   Main Document   Pg 3 of 8

Debtor(s): **Willis Odums, Jr.**
**Tiffany Monique Hamilton**  
Case Number: **19-10096**

☑ The debtor estimates the total amount of other priority claims to be as follows:.

Domestic Support Obligations prepetition arrears other than those provided for in 4.4 below shall be disbursed by the Trustee:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -NONE- | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by the trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| Child Support Enf./LA | Past Due Child Support | $1,514.00 |
| Simon Fitzgerald, LLC | Reimbursement of Noticing Costs | $250.00 |

**4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

## Part 5: Treatment of Non-priority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of **$88,393.59**, it is anticipated unsecured creditors will be paid approximately **$0.00**, which is approximately **0.00** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than **$0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

## Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1** The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items or Direct Pay Unmodified Secured Debts.** Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee.

| Name of Creditor | Property Description | Current Installment Payment | Amount of Arrearages to be paid, if any | Number of Installments Remaining |
|---|---|---|---|---|
| Southview Estates Mobile Park | Residential Lease | $725.00 | $0.00 | 4 |

Disbursed by:
☐ Trustee
☑ Debtor(s)
☐ Third party – Name & Relationship to Debtor(s)

7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.

| Part 8: | Other Plan Provisions |

8.1 Adequate Protection Payments:

Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.

| Creditor | Adequate Protection Payment |
|---|---|
| Kia Motors Finance | $93.50 |
| Kia Motors Finance | $93.50 |

8.2 Changed Circumstances.

Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

| Part 9: | Nonstandard Plan Provisions |

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

| Part 10: | Signatures |

/s/ Keith M. Welch                                            Date: **January 21, 2019**
Keith M. Welch #13347
Signature of Attorney for Debtor(s)

/s/ Willis Odums, Jr.                                           Date: **January 21, 2019**
Willis Odums, Jr.
Debtor

/s/ Tiffany Monique Hamilton                          Date: **January 21, 2019**
Tiffany Monique Hamilton
Joint Debtor

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.

Revised 01/25/2018
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 5
Best Case Bankruptcy

19-10096 - #8  File 01/28/19  Enter 01/28/19 12:24:05  Main Document  Pg 5 of 8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION
**************************

| | | |
|---|---|---|
| IN RE: Willis Odums, Jr. | : | Case No: 19-10096 |
| Tiffany Monique Hamilton | : | |
| Debtors | : | Chapter 13 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **January 28, 2019**, I caused a copy of the foregoing **Chapter 13 Plan** to be served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Office of the U.S. Trustee                    Todd Johns, Chapter 13 Trustee

and also to all parties listed on the attached mailing matrix by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon through the third-party bankruptcy notice provider, BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.Bankr.P. 9001(9) and 2002(g)(4).

Dated: January 28, 2019

By:   /s/ Qianna Y. Hauptman
         Qianna Y. Hauptman
         Legal Assistant to Keith M. Welch

```
Label Matrix for local noticing          U. S. Bankruptcy Court                  AT&T Mobility
0536-5                                   300 Fannin St., Suite 2201              One AT&T Way Suite 3A104
Case 19-10096                            Shreveport, LA 71101-3089               Bedminster, NJ 07921-2693
Western District of Louisiana
Shreveport
Tue Jan 22 13:58:08 CST 2019

Aarons Salo Lockbox                      Action Revenue Recovery                 American Infor Source LP
P.O. Box 102746                          910 Bres Ave.                           P.O. Box 5008
Atlanta, GA 30368-2746                   Monroe, LA 71201-5955                   Carol Stream, IL 60197-5008


Caddo Parish Sheriff                     Cane River Finance                      Child Support Enf./LA
505 Travis St., 7th Floor                337 South Drive                         P.O. Box 94065
Shreveport, LA 71101-3029                Natchitoches, LA 71457-5060             Baton Rouge, LA 70804-9065


Convergent Outsourcing                   Cristina Walker                         Dept. of ED/Navient
800 SW 39th St., Ste. 100                Assistant United States Attorney        POB 9635
Renton, WA 98057-4927                    Western District of Louisiana           Wilkes Barre, PA 18773-9635
                                         300 Fannin Street, Suite 3201
                                         Shreveport, LA 71101-3120


Diversified Consultants, Inc.            EZ Cash                                 EdFinancial Services
10550 Deerwood Park Blvd. #309           6715 Pines Road                         120 N. Seven Oaks Dr
Jacksonville, FL 32256-2805              Shreveport, LA 71129-2595               Knoxville, TN 37922-2359


FSNB, NA                                 (p)INTERNAL REVENUE SERVICE             Internal Revenue Service
511 SW Ave.                              CENTRALIZED INSOLVENCY OPERATIONS       PO Box 7346
Lawton, OK 73501                         PO BOX 7346                             Philadelphia, PA 19101-7346
                                         PHILADELPHIA PA 19101-7346


Kia Motors America, Inc. AFPOS           Kia Motors Finance                      Office of District Counsel
Agent for Process of Service             4000 Macarthur Blvd.                    Internal Revenue Service
C T Corporation System                   Newport Beach, CA 92660-2558            POB 30509
3867 Plaza Tower Drive                                                           New Orleans, LA 70190-0509
Baton Rouge, LA 70816-4378


Office of Motor Vehicle                  (p)PROCOLLECT INC                       Progressive Leasing
POB 64886                                12170 ABRAMS RD SUITE 100               256 W. Data Drive
Baton Rouge, LA 70896-4886               DALLAS TX 75243-4579                    Draper, UT 84020-2315


Retail Merchants Assocation              Southview Estates Mobile Park           Stephen A. Quidd
DBA Credit Bureau of Louisiana           9973 Mansfield Road                     Dept of Public Safety & Corr.
POB 1107                                 Keithville, LA 71047-9090               POB 66614
Shreveport, LA 71163-1107                                                        Baton Rouge, LA 70896-6614


Keith M. Welch                           Office of U. S. Trustee                 Tiffany Monique Hamilton
Simon, Fitzgerald, Cooke, et al          300 Fannin St., Suite 3196              9975 Manfield Road #12
4700 Line Ave. Suite 200                 Shreveport, LA 71101-3122               Keithville, LA 71047-9014
Shreveport, LA 71106-1533
```

Todd Johns (Ch 13 Trustee)        Willis Odums Jr.
Chapter 13 Trustee                9975 Manfield Road #12
POB 1770                          Keithville, LA 71047-9014
Shreveport, LA 71166-1770


              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Insolvency Unit                   Procollect, Inc                   End of Label Matrix
Internal Revenue Service          12170 Abrams Road                 Mailable recipients   31
1555 Poydras St.                  Suite 100                         Bypassed recipients    0
Suite 220, Stop 31                Dallas, TX 75243                  Total                 31
New Orleans, LA 70112